AO 245B (CASDRev. 02/18) Judgment in a Criminal Case

**FILED**
JUL 31 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
Franklin Nicholas Papaioanu

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 18-cr-00153-JAH-1

Sarah M. Gorman
_Defendant's Attorney_

**REGISTRATION NO.** 67226298

☐ -

THE DEFENDANT:

☒ pleaded guilty to count(s)    One of the Information.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18:2252(a)(2); 18:2253. | Distribution of images of Minors Engaged in Sexually Explicit Conduct. | 1 |

The defendant is sentenced as provided in pages 2 through    5    of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ dismissed on the motion of the United States.

☒ Assessment: $100.00 waived.

☐ JVTA Assessment*: $

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine    ☒ Forfeiture pursuant to order filed    7/23/2018   , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

July 27, 2018
Date of Imposition of Sentence

_/s/ John A. Houston_
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

18-cr-00153-JAH-1

5AO 245B (CASD Rev. 02/18) Judgment in a Criminal Case

DEFENDANT: Franklin Nicholas Papaioanu
CASE NUMBER: 18-cr-00153-JAH-1

Judgment - Page **2** of **5**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: Sixty months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ A.M. on _____
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ on or before
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

18-cr-00153-JAH-1

5AO 245B (CASD Rev. 02/18) Judgment in a Criminal Case

| DEFENDANT: | Franklin Nicholas Papaioanu | |
|---|---|---|
| CASE NUMBER: | 18-cr-00153-JAH-1 | Judgment - Page **3** of **5** |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Seven years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)
- ☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

5AO 245B (CASD Rev. 02/18) Judgment in a Criminal Case

| DEFENDANT: | Franklin Nicholas Papaioanu | |
|---|---|---|
| CASE NUMBER: | 18-cr-00153-JAH-1 | Judgment - Page 4 of 5 |

## SPECIAL CONDITIONS OF SUPERVISION

1. Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

2. Submit your person, property, residence, abode, vehicle, papers, computer, social media accounts, any other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3). Failure to submit to a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

4. Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.

5. Not associate with, or have any contact with any known sex offenders unless in an approved treatment and/or counseling setting.

6. Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

7. Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places primarily frequented by persons under the age of 18, without prior approval of the probation officer.

5AO 245B (CASD Rev. 02/18) Judgment in a Criminal Case

| DEFENDANT: | Franklin Nicholas Papaioanu | |
|---|---|---|
| CASE NUMBER: | 18-cr-00153-JAH-1 | Judgment - Page **5** of **5** |

8. Not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

9. Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of a visual reaction time (VRT) assessment, at the direction of the court or probation officer. If deemed necessary by the treatment provider, the offender shall participate and successfully complete an approved state certified sex offender treatment program, including compliance with treatment requirements of the program. The Court authorizes the release of the presentence report, and available psychological evaluations to the treatment provider, as approved by the probation officer. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. Polygraph examinations may be used following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as a part of the containment model.

10. Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.

11. Be monitored while under supervision with location monitoring technology at the discretion of the probation officer, which shall be utilized for the purposes of verifying compliance with any court-imposed condition of supervision. The offender shall pay all or part of the costs of location monitoring based on their ability to pay as directed by the court and/or probation officer.

//

1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,           Case No. 18cr0153-JAH
11              Plaintiff,                AMENDED ORDER OF
12        v.                              CRIMINAL FORFEITURE
13   FRANKLIN NICHOLAS PAPAIOANU,
14              Defendant.
15

16       On April 30, 2018, this Court entered its Preliminary Order of Criminal
17   Forfeiture, which condemned and forfeited to the United States all right, title and
18   interest of FRANKLIN NICHOLAS PAPAIOANU ("Defendant") in the following
19   properties:

20       (1) computer images and printed images determined by law enforcement
21       to depict minors engaging in sexually explicit conduct and

22       (2) the items, equipment, computers, disks, and media seized by law
         enforcement during the investigation of the offenses to which the
23       defendant has pled guilty, including:

24       One Apple iPhone X seized from Defendant on or about
         December 13, 2017.

25       For thirty (30) consecutive days ending on May 31, 2018, the United States
26   published on its forfeiture website, www.forfeiture.gov, notice of the Court's Order
27   and the United States' intent to dispose of the properties in such manner as the
28   Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and further notifying all third parties of their right to petition the Court within thirty (30) days of the final publication for a hearing to adjudicate the validity of their alleged legal interest in the properties.

There were no potential third parties known to the United States to have alleged an interest in the forfeited properties; therefore, no one was provided with direct notice of the forfeiture.

Thirty (30) days have passed following the final date of notice by publication, and no third party has made a claim to or declared any interest in the forfeited properties described above.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result of the failure of any third party to come forward or file a petition for relief from forfeiture as provided by law, all right, title and interest of FRANKLIN NICHOLAS PAPAIOANU and any and all third parties in the following properties are hereby condemned, forfeited and vested in the United States of America:

(1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and

(2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the defendant has pled guilty, including:

One Apple iPhone X seized from Defendant on or about December 13, 2017.

IT IS FURTHER ORDERED that costs incurred by U.S. Homeland Security Investigations and any other governmental agencies which were incident to the seizure, custody and storage of the properties be the first charge against the forfeited properties.

//
//
//

1     IT IS FURTHER ORDERED that U.S. Homeland Security Investigations shall
2 dispose of the forfeited properties according to law.
3     **IT IS SO ORDERED.**
4 DATED: July 19, 2018

JOHN A. HOUSTON, Judge
United States District Court